

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D
JUL 1 8 2018
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| 1) ROLAND PITTMAN, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. |
| 2) THE NORDAM GROUP, INC., a Foreign For Profit Business Corporation, | ) CJ-2018-03025 |
| Defendant. | ) ATTORNEY LIEN CLAIMED |

REBECCA NIGHTINGALE

## PETITION

COMES NOW Plaintiff, Roland Pittman, through his attorneys of record, Daniel E. Smolen of SMOLEN, SMOLEN & ROYTMAN, PLLC, and brings this action against Defendant, the Nordam Group, Inc., a foreign for profit corporation, for violations of his constitutionally protected rights arising out of his employment and constructive discharge by said Defendant.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Tulsa County, Oklahoma.

2. Defendant the Nordam Group, Inc., is foreign for-profit corporation regularly doing business in Tulsa County, Oklahoma and employs more than fifteen employees.

3. The incidents and occurrences that form the basis of Plaintiff's action occurred in Tulsa County.

4. This Court has jurisdiction and venue is proper in Tulsa County.

5. Plaintiff brings this action for damages under Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. §2000e et seq. ("Title VII"), providing relief against

DEFENDANT'S EXHIBIT
1

1

discrimination in employment on the basis of race. Plaintiff also brings this action for damages under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621, et seq. ("ADEA"), providing for relief against discrimination in employment based on age.

6. Liquidated damages are sought pursuant to 29 U.S.C.A. § 626(b).

7. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981(b).

8. Punitive damages are sought pursuant to 42 U.S.C. § 1981.

9. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq.*

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is an African-American male.

11. Defendant hired Plaintiff through a temporary agency on or around February 2014 and remained a temporary employee for over a year. The Plaintiff began working in an entry-level saw room job and worked in that position for approximately nine months. He requested to receive training in other areas and positions in an effort to advance within the company.

12. The Plaintiff was trained on wedge crack testing and flammability tests.

13. The Plaintiff was finally hired as an employee of Defendant around February 2015. The Plaintiff was a good employee, and adequately performed the duties of the position.

14. After receiving training, the Plaintiff was placed in the position of Lab Test Tech I. This involved a raise and Plaintiff considered it a promotion.

15. The Lab Test Tech position required significant training to adequately perform the duties of the position. The Plaintiff adequately performed the Lab Testing position.

16. After Plaintiff was working in the Lab Testing for about six months and doing a job requiring two people, Plaintiff was instructed to train a substantially younger, inexperienced newly hired non-African American employee, Victor Duran, for the Lab Test Tech I position with the assurance that he would be promoted to the Lab Test Tech II position.

17. Mr. Duran was incompetent during training, and yet, after providing training to Mr. Duran, the Plaintiff was moved back to the entry level position in the saw room. Mr. Duran continued to train in positions allowing him to advance within the company, and was assigned to train in the materials lab, where only Caucasian employees worked. The Plaintiff was not given this opportunity.

18. While employed with Defendant, Plaintiff witnessed racially discriminatory behavior from his Caucasian coworkers on a regular basis.

19. The Plaintiff complained to Human Resources and management staff about what he felt was discriminatory treatment and a wrongful demotion in job duties. Nothing was done in response to his complaints.

20. In addition to the wrongful demotion, Mr. Duran constantly made mistakes in his work, which the Plaintiff was required to fix and many times, re-do, as a result of Mr. Duran's poor work performance.

21. The Plaintiff's substantially younger coworkers also commonly made comments to the Plaintiff about his age, ridiculing him for his memory and his eyesight.

22. After weeks of being required to do the job of two people, and making continuous complaints to HR and management about the unfair treatment, Defendant's failure to return him to his previous position, and watching a non-African American who was incompetent

in his position continuously make mistakes, which Plaintiff was required to fix, the Plaintiff could not continue working under such circumstances and was constructively discharged from his employment on October 9, 2017.

23. The Plaintiff believes the Defendant wrongfully discriminated against him based on his race and age. Further, the Plaintiff believes the Defendant also fired another older, African American worker, Daryl Lucas shortly after the Plaintiff was constructively discharged.

24. Plaintiff filed a Charge of Discrimination with the EEOC, received a right to sue letter, and this petition is filed within the time limit provided for by law.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION BASED ON RACE (TITLE VII)

25. Plaintiff incorporates the preceding paragraphs as if realleged.

26. By demoting the Plaintiff, treating him differently than similarly situated Caucasian employees, Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement
    b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
    c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;
    d. His attorney fees and the costs and expenses of this action;
    e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1981

27. Plaintiff incorporates the preceding paragraphs as if realleged.

28. By constructively discharging the Plaintiff, demoting him and treating him differently than similarly situated Caucasian employees, Defendant has violated 42 U.S.C. § 1981.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement

    b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

    c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;

    d. His attorney fees and the costs and expenses of this action;

    e. Such other relief as the Court deems just and equitable.

### THIRD CLAIM FOR RELIEF
**Disparate Treatment and Constructive Discharge on the Basis of Age in Violation of the Age Discrimination in Employment act of 1967 (29 U.S.C. 621 *et seq.*)**

29. The preceding paragraphs are incorporated herein by reference.

30. The foregoing conduct violates the ADEA of 1967 as amended, 29 U.S.C. § 621 et seq.

31. Plaintiff experienced disparate treatment compared to substantially younger co-workers with regard to job assignment, demotion, training, discipline and constructive discharge in violation of the ADEA.

32. Defendants' willful discriminatory practices have resulted in the loss of past and future wages and other job benefits.

33. Defendants committed the acts alleged with malice or reckless indifference to the protected rights of the Plaintiff. Plaintiff is thus entitled to recover liquidated damages in an amount to be determined by a jury.

34. Upon information and belief, Plaintiff's demotion, discipline and constructive discharge was motivated in substantial part by his age, in violation of the ADEA.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a) Back pay and lost benefits; front pay until normal retirement;

b) Liquidated damages for the willful intentional and knowing acts of discrimination committed by Defendants;

c) Plaintiff's attorney fees and the costs and expenses of this action;

Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Plaintiff incorporates the preceding paragraphs as if realleged.

36. Defendant's actions of intentional and malicious discrimination and retaliation are extreme and outrageous and have caused severe emotional and psychological damage to Plaintiff.

37. Defendant intentionally or recklessly caused severe emotional distress to Plaintiff beyond which a reasonable person could be expected to endure.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;

d. His attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees, injunctive relief, equitable relief, reinstatement, and all other relief deemed appropriate by this Court.

Respectfully submitted,

/s/ Daniel E. Smolen
Daniel E. Smolen, OBA# 19943
Smolen, Smolen, & Roytman, P.L.L.C.
701 S. Cincinnati Ave.,
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorney for Plaintiff*